**UNITED STATES v. IDAHO POWER CO.**

Civ. No. 2691–S.

United States District Court
D. Idaho, S. D.

Sept. 30, 1949.

John A. Carver, U. S. Dist. Atty., Boise, Idaho, Paul S. Boyd, Asst. U. S. Dist. Atty., Boise, Idaho, for plaintiff.

O. W. Worthwine, Boise, Idaho, A. C. Inman, Boise, Idaho, Carey Nixon, Boise, Idaho, for defendant.

CAVANAH, District Judge.

The United States brings this suit in equity to permanently enjoin and restrain the Idaho Power Company from entering upon and using the public domain of the United States in the construction and maintenance of electric power transmission pole lines from the defendant's power plant, known as the "Bliss" plant at Bliss, Idaho.

We are confronted under the law to approach the consideration of the case with the fundamental thought in mind of the situation of the parties which requires the court to be guided with what powers and authority has Congress granted to the judicial and administrative branches of the government, for we find that the controversy has first been submitted to the administrative branch of the government, and then to the court to determine whether the law has been complied with. It would seem unnecessary to state that these two branches of the government are separate and distinct, functioning with separate delegated powers to be granted by Congress. If the laws applicable here as steps taken by the parties, are constitutional, it is not within the province of the court to say to the administrative branch of the government, you should, or should not, act in a certain manner on the merits.

It appears that the area over which the defendant has partially constructed, but not completed, its pole lines is the public domain of the United States and it makes no adverse claim to the United States with respect to obtainment of a right of way, but contends that it has complied with the laws of the United States which grants to it permission to enter upon the public domain and construct and maintain the electrical pole lines as a part of its project facilities to be included in the Bliss project.

This brings us first to ascertain what are the laws of the United States govern-

ing the right to enter upon and use the public domain for the purpose involved. It is elementary that before one can do so he must obtain permission from an agency of the United States having authority to grant such permission. A history of the legislation of Congress relating to the situation here reveals that Congress has placed the control and disposition of the public domain of the United States in the Interior Department, except in special instances where it thought that the general welfare would be better served. Under certain conditions by creating agencies to administer them, and among them is an agency known as the "Federal Power Commission" with certain limited powers and authority. The Act creating it grants authority to issue licenses to enter upon and use the public domain under certain conditions, and in doing so may issue pre-licenses and preliminary permits for the purpose of enabling it and the applicant for a license, to secure data and perform the acts required to be submitted to it before a final license is issued for electrical power lines across the public domain; and the pre-license and preliminary permit is to maintain priority of the applicant for a final license thereafter to be determined by the Commission. 16 U.S.C.A. §§ 791a to 823.

With these provisions of the United States laws in mind, which govern the conduct of the parties as to the manner in which they have proceeded, we approach first the contention of the United States that the defendant, Idaho Power Company, has not yet complied with them in obtaining a license and permit from an agency of the United States having authority to enter upon and use the public domain in the construction and maintenance of its transmission pole lines involved in this controversy, and therefore it is a trespasser upon the public domain, and which the United States has the lawful right to prevent. While the defendant asserts that the Federal Power Commission under the law and evidence has exclusive jurisdiction to issue to it a license and permission to construct and maintain the pole lines as there is now pending before the Commis-

sion its application, which denies the court the right at this time to entertain jurisdiction.

█ The inquiry then is: Has the defendant, under the evidence obtained authority from the Commission, or other agency of the United States having authority, to enter upon the lands in dispute of the United States to erect and maintain its electric power transmission pole lines? Otherwise it would be a trespasser upon the public domain and the United States would be entitled to a decree to permanently enjoin and restrain it from doing so. We then turn to the undisputed facts as disclosed by the record affecting this question, which consist principally of correspondence between the parties, and it appears therefrom that the defendant is a private corporation engaged in furnishing electricity to its customers from its plant.

In 1948, the Federal Power Commission ordered the issuance of a license to the defendant for its Bliss project, but reserved the right to determine at a later date what transmission lines and facilities should be included in the license as a part of the project. Thereafter on April 20, 1949, the defendant filed with the Commission another application for a pre-license consent, and on April 26, 1949, applied for advance permission to proceed with the construction upon the lands of the United States of the electrical pole lines in controversy, and immediately commenced the construction of primary transmission pole lines from Bliss to American Falls and to Boise. In response to the application, the Commission on May 2, 1949, informed the defendant that the pre-license consent to construct and maintain the two lines was at its own risk, subject to the requirements of the agency or agencies having jurisdiction over the government lands involved, and will not prejudice consideration by the Commission of its application of April 20, 1949. At that time the defendant had pending before the Federal Power Commission its application of April 20, 1949, and of April 26, 1949, who had authority under the law to hear and determine them. This the Commission has not yet done, and under the Federal Power Act and the evi-

dence it is the only agency who has exclusive jurisdiction at this time to hear and dispose of the pending application of the defendant before it. From a reading of the entire Act of Congress creating and delegating powers to the Federal Power Commission, it appears clear that the exclusive power and authority to issue licenses and permission to enter upon the public domain to construct and maintain electrical transmission pole lines, when an application is made to the Commission, is vested in the Commission, and until the Commission has finally determined and disposed of defendant's pending application before it, neither the Secretary of the Interior nor any other agency of the government has power and authority to act.

Thus the conclusion is thus reached from the views expressed, that under the Federal Power Act Congress has established jurisdiction in the Federal Power Commission, and under the evidence in this case until the Commission has acted upon the defendant's application, it would not be a trespasser while acting under the Commission's pre-license consent as it has up until the present time complied with the requirements of the law.

The prayer of the plaintiff for an injunction will be denied and the complaint and action dismissed. The temporary injunction now existing will be dissolved. Counsel for the defendant will present Findings and Decree to carry into effect these conclusions.